IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JEREMY LEE ODIS TERRY     PLAINTIFF

v.     Civil No.: 2:18-CV-02116

NURSE CINDY STEVENS     DEFENDANTS

## ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on July 10, 2018. (ECF No. 1). He is currently incarcerated in the Sebastian County Detention Center (SCDC), and alleges his federal constitutional rights are being violated because he is not being properly medicated. (*Id*. at 2, 4). Specifically, Plaintiff alleges that "because of improper medication I have had severe discomfort (gas pains) which don't happen when I am medicated properly." (*Id*. at 5). Plaintiff describes the custom or policy which caused the violation as follows: "[M]ed passes will be performed so that you receive your medications as closely to the required intervals as poss[i]ble." (*Id*. at 6). Plaintiff does not identify the condition(s) for which he needs medication, the medication needed, or how his medication is improper.

Plaintiff's Complaint is silent as to the capacity in which he is suing Defendant Stevens. He seeks punitive damages. (*Id*. at 6).

### II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

1

frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

"If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Cmty. College*, 72 F.3d 615, 619 (8th Cir. 1995) (internal citation omitted) (citing *Nix v. Norman,* 879 F.2d 429, 431 (8th Cir.1989)).

Here, Plaintiff's Complaint is silent as to the capacity in which he is suing the Defendants. The Court must, therefore, interpret his Complaint as including only official capacity claims.

Plaintiff fails to allege any plausible official capacity claims. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity

2

available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Here, Plaintiff has identified no policy or custom of Sebastian County or the SCDC which violated his rights. Instead, he states only "[M]ed passes will be performed so that you receive your medications as closely to the required intervals as poss[i]ble." The Court cannot discern how an SCDC custom or policy of passing out medications as close to the prescribed time as possible violates Plaintiff's constitutional rights. He, therefore, fails to state any plausible official capacity claims.

To the extent Plaintiff's claim could be interpreted as alleging a failure to follow an SCDC policy, this also fails to state a plausible official capacity claim. *See Walton v. Dawson*, 752 F.3d 1109, 1122 (8th Cir. 2014) ("violating an internal policy does not *ipso facto* violate the Constitution").

### IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 9th day of August 2018.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE